WAGNER-SMITH COMPANY, APPELLANT,
*v.* DYSON ELECTRIC CO., INC. ET AL.,
APPELLEES.

(No. 8359—Decided March 23, 1984.)

*Mr. John T. Ducker,* for appellant.
*Mr. Richard J. Bannister,* for appellee Booker T. Rutledge and Son.
*Mr. Douglas K. Ferguson,* for appellee Ohio Casualty Ins. Co.

WEBER, J. This appeal results from a judgment of the Montgomery County Common Pleas Court wherein plaintiff's complaint was dismissed with prejudice and summary judgment was entered in favor of the defendants, Booker T. Rutledge and Son and the Ohio Casualty Insurance Company. Plaintiff, Wagner-Smith Company, has appealed this determination.

The facts in this case are not in dispute. On September 3, 1980, Booker T. Rutledge and Son contracted with the city of Dayton to perform street improvements on the Courthouse Square project. Pursuant to R.C. 153.54, Booker T. Rutledge and Son obtained a performance bond from the Ohio Casualty Insurance Company in the principal amount of $39,000. This bond was filed with the city of Dayton.

Booker T. Rutledge and Son subcontracted a portion of its work on the Courthouse Square project to Dyson Electric Company. Dyson Electric Company in turn contracted with the plaintiff, Wagner-Smith Company, for the performance of the electrical construction work at the job site. Wagner-Smith Company performed work in the amount of $11,762.48 for which it has not received any compensation.

The construction work of Booker T. Rutledge and Son was completed on May 13, 1981. On or about July 31, 1981, Wagner-Smith furnished the Ohio Casualty Insurance Company a statement for materials furnished and ser-

vices rendered. The Ohio Casualty Insurance Company denied liability for payment and refused to pay any amount owing the plaintiff.

The trial court, adopting the report of the common pleas referee, dismissed plaintiff's complaint with prejudice as to the defendants, Booker T. Rutledge and Son and the Ohio Casualty Insurance Company. A prior judgment rendered in favor of the Wagner-Smith Company and against Dyson Electric Company remains unsatisfied and has not been appealed.

Appellant brings before this court two assignments of error, both of which concern the trial court's application of R.C. 153.54 to 153.571. As such, we will address both of appellant's assigned errors together. Appellant contends:

"I. In overruling plaintiff's motion for summary judgment, and thereafter approving the report granting summary judgment to the defendants, the trial court erred in its interpretation of Ohio Rev. Code Ann. Sections 153.54-153.571 (Page 1982, Supp.).

"II. In overruling plaintiff's motion for summary judgment, and thereafter approving the referee's report granting summary judgment to defendants, the trial court erred in its interpretation of the Ohio Supreme Court's decision in *Weybrecht* [*sic*] *Co.,* v. *The Hartford Accident and Indemnity Co.* 161 Ohio St. 436 [53 O.O. 345] (1954)."

In essence, appellant contends that although it does not have a direct contract with the general contractor, Booker T. Rutledge and Son, it is nevertheless within the class of creditors who are given a right to recover against the general contractor and the general contractor's bond. Appellant submits that this right of recovery is provided to it by R.C. 153.54 to 153.571.

R.C. 153.54(C) states in pertinent part:

"If the bidder enters into the contract, the bidder shall, at the time he enters into the contract, file a bond for the amount of the contract to indemnify the state, political subdivision, district, institution, or agency against all damage suffered by failure to perform the contract according to its provisions and in accordance with the plans, details, specifications, and bills of material therefor and to pay all lawful claims of subcontractors, materialmen, and laborers for labor performed or material furnished in carrying forward, performing, or completing the contract; and agree and assent that this undertaking shall be for the benefit of any subcontractor, materialman, or laborer having a just claim, as well as for the state, political subdivision, district, institution, or agency."

In order to determine whether or not the appellant is entitled to recover the cost of its services from the general contractor's bond, it is necessary to determine Wagner-Smith's status in relation to the general contractor, Booker T. Rutledge and Son. The facts establish that Booker T. Rutledge and Son, the general contractors of the Courthouse Square project, subcontracted a portion of the project to Dyson Electric Company. Dyson Electric Company in turn subcontracted a portion of the electrical construction work to Wagner-Smith Company. The result of this sequence of events was to make Wagner-Smith Company, as a subcontractor of Dyson Electric Company, a subcontractor of a subcontractor. The issue before us therefore is whether a subcontractor of a subcontractor is entitled to recover under the general contractor's performance bond filed pursuant to R.C. 153.54 to 153.571.

The trial court concluded that the Wagner-Smith Company, as a subcontractor of a subcontractor, was not entitled to recovery under a general contractor's bond filed pursuant to R.C. 153.54. The court based this conclusion

upon the Supreme Court's decision in *J. T. Weybrecht's Sons Co.* v. *Hartford Acc. & Indemn. Co.* (1954), 161 Ohio St. 436 [53 O.O. 345].

In *Weybrecht,* a general contractor, erecting a school building for the Youngstown Board of Education, contracted with the Carver-Behan Company to purchase materials, part of which were furnished to the Carver-Behan Company from the plaintiff J. T. Weybrecht's Sons Company. The Carver-Behan Company went into bankruptcy, owing the plaintiff for materials supplied which were used by the general contractor in construction of the school. The plaintiff sued on a bond given by the defendant insurance company to the board of education pursuant to G.C. 2365-1 to 2365-4 (R.C. 153.54 to 153.571). The trial court rendered judgment in favor of the plaintiff.

The Supreme Court, in affirming the trial court's decision, concluded that the plaintiff, J. T. Weybrecht's Sons Company, was a materialman of a materialman of the general contractor, and as such was entitled to recover against the general contractor's bond filed pursuant to R.C. 153.54 to 153.571. In making this determination, the Supreme Court distinguished a materialman of a materialman from a subcontractor of a subcontractor and determined that only the former was entitled to recover against a general contractor's bond.

In *Weybrecht,* the court at 443 addressed the meaning of the word "subcontractor" as used in R.C. 153.54 to 153.571:

"Although, as hereinbefore pointed out, the definition of 'subcontractor' in the mechanics' lien statutes is limited to such an extent as to exclude a materialman, the definition of that word in those statutes in other respects is expanded to include some who would not be included within the ordinary meaning of the word 'subcontractor.' Thus, giving the ordinary meaning to the word 'subcontractor,' that word would include one who has contracted with the contractor, but not one who has merely contracted with someone else who has contracted with the contractor, *i.e.,* a subcontractor of a subcontractor."

Based upon this definition of a "subcontractor," the court further concluded at 445:

"Our conclusion is that it would be reasonable to infer that the General Assembly intended the word 'subcontractor' as used in Sections 2365-1 to 2365-4, inclusive, General Code [R.C. 153.54 to 153.57], to have its ordinary meaning so as to include a materialman who knows that he is and does furnish materials under a contract with the general contractor providing therefor, but so as not to include any subcontractor of a subcontractor."

In applying the Supreme Court decision in *Weybrecht, supra,* to the facts before us, it is our determination that the trial court was correct in granting summary judgment in favor of the defendants and in dismissing plaintiff's complaint as against the defendants. The Wagner-Smith Company was a subcontractor of the Dyson Electric Company which was a subcontractor of the general contractor, Booker T. Rutledge and Son. Being a subcontractor of a subcontractor results in excluding the Wagner-Smith Company from the class of creditors determined by the *Weybrecht* court as entitled to recover under a general contractor's bond filed pursuant to R.C. 153.54 to 153.571.

Appellant has also noted that R.C. 153.54 was amended in 1980 and therefore differs from the prior R.C. 153.54 which was interpreted in *Weybrecht, supra.* Although R.C. 153.54 was amended in 1980, the amendment does not alter the applicable reference to "subcontractors" made in prior R.C.

153.54. Former R.C. 153.54 refers to "all subcontractors" while the current R.C. 153.54(C) as amended in 1980 refers to "any subcontractor." We cannot find that this distinction results in an abrogation of the Supreme Court's decision in *Weybrecht, supra.*

In addition, we note that R.C. 153.57 and 153.571, both of which concern the form of the bond required pursuant to R.C. 153.54, state that the bond required under R.C. 153.54 shall provide:

"* * * and shall pay all lawful claims of subcontractors, materialmen, and laborers, for labor performed and materials furnished in the carrying forward, performing, or completing of said contract; we agreeing and assenting that this undertaking shall be for the benefit of any materialman or laborer having a just claim, as well as for the obligee herein; * * *"

The court notes that the legislature specifically states that the bond agreement shall be for the "benefit of any materialman or laborer" and does not include subcontractors or subcontractors of subcontractors. As a result, we cannot imply that the legislature intended a bond filed pursuant to R.C. 153.54 to be for the benefit of subcontractors of subcontractors.

Based upon the Supreme Court's decision in *Weybrecht, supra,* and the legislature's statements under R.C. 153.54 to 153.571, it is our determination that appellant's assigned errors number one and two must be overruled by this court.

The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

BROGAN, P.J., and KERNS, J., concur.