CADILLAC PLASTIC GROUP, INC., d.b.a. Cadillac
Plastic & Chemical Company, Appellant,

v.

ADVANCED GLAZING TECHNOLOGY, INC.; Buckeye
Union Insurance Company, Appellee.

[Cite as *Cadillac Plastic Group, Inc. v. Advanced Glazing
Technology, Inc.* (1994), 97 Ohio App.3d 37.]

Court of Appeals of Ohio,
Franklin County.

No. 94APE01–107.

Decided Sept. 13, 1994.

*Reminger & Reminger Co., L.P.A., Nancy F. Zavelson* and *Mark E. DeFossez,* for appellant.

*Timothy Runion,* for Advanced Glazing Technology, Inc.

*Gamble, Hartshorn & Alden* and *Craig D. Smith,* for appellee.

PETREE, Judge.

Plaintiff, Cadillac Plastic Group, Inc. ("Cadillac"), appeals from a judgment of the Franklin County Court of Common Pleas dismissing its complaint against defendant Buckeye Union Insurance Company ("Buckeye Union") pursuant to Civ.R. 12(B)(6).

Cadillac sets forth the following assignment of error:

"The trial court erred in granting appellee's motion to dismiss because in determining that appellant had no enforceable rights against appellee, the court incorrectly interpreted relevant case law as well as the Ohio Revised Code."

In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753. When construing a complaint upon a motion to dismiss for failure to state a claim, it is presumed that all factual allegations in the complaint are true. *Tulloh v. Goodyear Atomic Corp.* (1992), 62 Ohio St.3d 541, 544, 584 N.E.2d 729, 732.

According to Cadillac's complaint, Mid–State Builders, Inc. ("Mid–State"), entered into a contract with the Columbus Board of Education for window and door replacement at various schools. In compliance with R.C. Chapter 153, Mid–State executed a bid guaranty and contract bond with Buckeye Union. Thereafter, Mid–State entered into a contract with Advanced Glazing Technology, Inc. ("Advanced Glazing") which, in turn, entered into a contract with Cadillac to provide materials to Advanced Glazing in connection with the window and door replacement project. Advanced Glazing failed to pay Cadillac the sum of $24,138.86 for the materials provided under the contract.

Cadillac subsequently served Buckeye Union with notice of a claim under the contract bond on or about June 11, 1992. Cadillac submitted a second and third notice of claim to Buckeye Union on February 19, 1993 and May 27, 1993,

respectively. As of this date, Cadillac's claim has not been paid by Buckeye Union.

Cadillac filed the instant action against Buckeye Union and Advanced Glazing seeking recovery from the former under the bond and seeking an award of damages from the later for breach of contract. The trial court sustained Buckeye Union's motion to dismiss Cadillac's claim under the bond pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted.[1] In sustaining Buckeye Union's motion, the trial court relied on *J.T. Weybrecht's Sons Co. v. Hartford Acc. & Indemn. Co.* (1954), 161 Ohio St. 436, 53 O.O. 345, 119 N.E.2d 836, and its own previous decision in a related case captioned, *EFCO Corp. v. Advanced Glazing Technology, Inc.*, case No. 92CVH0–10–8379.[2]

The trial court held that *Weybrecht, supra,* did not permit Cadillac to recover under the bond, as a matter of law, since Cadillac was "one degree removed from the original contractor." Accordingly, upon review of the trial court's judgment, this court must determine whether the Ohio Supreme Court's decision in *Weybrecht* permits a materialman of a subcontractor to recover under a bid guaranty and contract bond executed pursuant to R.C. 153.54 (formerly G.C. 2365–1), where the materialman is not in privity with the general contractor. R.C. 153.54(C), as amended in 1980, provides in part:

"If the bidder enters into the contract, the bidder shall, at the time he enters into the contract, file a bond for the amount of the contract to indemnify the state, political subdivision, district, institution, or agency against all damage suffered by failure to perform the contract according to its provisions and in accordance with the plans, details, specifications, and bills of material therefor and to pay all lawful claims of subcontractors, materialmen, and laborers for labor performed or material furnished in carrying forward, performing, or completing the contract; and agree and assent that this undertaking shall be for the benefit of any subcontractor, materialman, or laborer having a just claim, as well as for the state, political subdivision, district, institution, or agency."

In *Weybrecht, supra,* the Youngstown City Board of Education entered into a contract for construction of a school. The general contractor entered into a contract for mill work with Carver–Behan which, in turn, contracted with plaintiff J.T. Weybrecht to furnish material for portions of the mill work. The general contractor paid Carver–Behan, which completed the work for the general contrac-

---

1.   On January 26, 1994, the trial court entered a default judgment in favor of Cadillac on its breach of contract claim against Advanced Glazing.

2.   On May 19, 1994, this court issued its opinion in *EFCO Corp. v. Advanced Glazing Technology, Inc.* (May 19, 1994), Franklin App. No. 93APE10–1377, unreported, 1994 WL 194984.

tor. However, Carver–Behan failed to pay to J.T. Weybrecht the sum of $8,517.54 which it owed for materials furnished. J.T. Weybrecht filed suit against Hartford Accident & Indemnity Co., the project surety, seeking recovery under the contract bond. The Ohio Supreme Court affirmed a judgment in favor of J.T. Weybrecht, holding at the syllabus:

"As used in Sections 2365–1 to 2365–4, inclusive, General Code [now R.C. 153.54 et seq.], the word 'subcontractor' will be given its ordinary meaning so that it may include one who, under a contract with the general contractor, merely furnishes material for use in performance of the general contract, but so that it will exclude a subcontractor of a subcontractor of the general contractor."

Both parties rely on the *Weybrecht* decision in support of their respective positions. Buckeye Union contends that the *Weybrecht* decision eliminates any distinction between subcontractors and materialmen for the purposes of R.C. 153.54 and that under *Weybrecht,* a materialman not in privity with the general contractor cannot look to the contract bond for recovery of monies owed to it by a subcontractor of the general contractor. We disagree with this interpretation of the *Weybrecht* case. Indeed, we believe that *Weybrecht* actually supports Cadillac's recovery under the contract bond.

In our recent decision *EFCO Corp. v. Advanced Glazing Technology, Inc.* (May 19, 1994), Franklin App. No. 93APE10–1377, unreported, 1994 WL 194984, this court examined the *Weybrecht* decision in depth and rejected Buckeye Union's interpretation. In *EFCO, supra,* this court stated:

"In *Weybrecht,* the court concluded that the meaning of 'subcontractor,' as used in G.C. 2365–1 to G.C. 2365–4, would include a materialman, such as Carver–Behan; that the conditions of the bond were intended to cover the debts of a subcontractor as well as a general contractor; that, as a subcontractor, Carver–Behan had defaulted on its obligation and, hence, Weybrecht was entitled to recover.

"*We disagree with appellee that, in Weybrecht, the court abandoned the distinction between a subcontractor and a materialman and we conclude that, in Weybrecht, the court found a materialman was a type of subcontractor or included within the term 'subcontractor.' We also disagree with appellee that Weybrecht was seeking to enforce a claim belonging to Carver–Behan against the general contractor.*

" * * *

"*Last, we disagree with appellee that, in Weybrecht, the materialman was granted recovery on its claim because it was in privity of contract with the general contractor. The facts of Weybrecht are clear that Weybrecht's only*

*contract was with Carver–Behan, not the general contractor."* (Emphasis added.) *Id.* at 4–5.

In *EFCO, supra,* we relied upon our prior decision in *Lake Erie Constr. Co., Inc. v. Setterlin Co.* (Aug. 12, 1986), Franklin App. No. 86AP–408, unreported, 1986 WL 9048, wherein we made the following observations about the *Weybrecht* case:

*"The resulting state of the law under R.C. 153.54 et seq. is that 'a materialman of a materialman' is protected, as presumably a laborer for a laborer would be; but a subcontractor who provides both labor and materials must look for assistance elsewhere.* The strained logic of the present interpretation of R.C. 153.54 *et seq.* by the Supreme Court of Ohio is apparent, but since the *Weybrecht* decision is by a higher court, any change in the law must come from it or from the legislature. * * * " (Emphasis added.) *Id.* at 3.

We agree with our prior interpretation of the *Weybrecht* case in *Lake Erie* and *EFCO, supra,* and for the reasons stated therein we reject Buckeye Union's interpretation.

In the alternative, Buckeye Union attempts to distinguish *Weybrecht* on the grounds that R.C. 153.54 as amended in 1980 differs from the prior enactment of the statute interpreted in *Weybrecht.* More specifically, the relevant language of former R.C. 153.54 refers to "all subcontractors," whereas R.C. 153.54(C) as amended in 1980 refers to "any subcontractors." We fail to see how this distinction could possibly affect the rule of law expressed in *Weybrecht.* Cf. *Wagner–Smith Co. v. Dyson Elec. Co.* (1984), 14 Ohio App.3d 447, 449–450, 14 OBR 566, 568–569, 472 N.E.2d 54, 55–57.

In applying *Weybrecht* to the facts as alleged in Cadillac's complaint, we hold that the complaint states a claim for relief against Buckeye Union under the contract bond, since Cadillac was a materialman of Advanced Glazing, which was a subcontractor of the general contractor, Mid–State. The fact that Cadillac is one degree removed from the general contractor is not dispositive of Cadillac's claim against Buckeye Union in light of the rule expressed in *Weybrecht.*

Last, Buckeye Union contends that allowing Cadillac to recover under the bond those monies owed to it by Advanced Glazing will unfairly result in a double payment by Mid–State since Mid–State has already paid Advanced Glazing in full and is contractually obligated to indemnify Buckeye Union for any sums Buckeye Union pays under the bond. In the context of our review of a dismissal under Civ.R. 12(B)(6), we are confined to the factual allegations of Cadillac's complaint, which makes no reference to an indemnity agreement. Cf. *Slife v. Kundtz Properties* (1974), 40 Ohio App.2d 179, 69 O.O.2d 178, 318 N.E.2d 557. Moreover, the indemnity agreement between Mid–State and Buckeye Union is not part of

the record herein.   Finally, in light of the Ohio Supreme Court decision in *Weybrecht*, it is clear that any perceived inequities arising from R.C. 153.54 must be remedied either by the Ohio Supreme Court or the state legislature, and not by this court upon review of the trial court's judgment.   See *EFCO, supra*, at 7; *Lake Erie, supra*, at 3.

We find that the trial court erred to the prejudice of Cadillac when it dismissed Cadillac's complaint against Buckeye Union.   Cadillac's sole assignment of error is sustained.

Having sustained Cadillac's sole assignment of error, we hereby reverse the judgment of the trial court and remand this case to the trial court for further proceedings in accordance herewith.

*Judgment reversed*
*and cause remanded.*

PEGGY BRYANT and CLOSE, JJ., concur.