Nathaniel M. MINKOFF, as Treasurer of Joint Board of Dress & Waistmakers' Union of Greater New York, Health & Welfare Fund of the Dress Industry, and Retirement Fund of the Dress Industry of New York, Petitioning Creditors-Appellants,

v.

STEVEN JRS., Inc., Alleged Bankrupt-Appellee.

No. 74, Docket 25139.

United States Court of Appeals Second Circuit.

Argued Oct. 9, 1958.

Decided Nov. 3, 1958.

Hyman Gold, New York City (Schlesinger & Bloom, New York City, on the brief), for petitioning creditors-appellants.

Benjamin Weintraub, New York City (Elias Mann, Ronald Levy and Levin & Weintraub, New York City, on the brief), for alleged bankrupt-appellee.

Before CLARK, Chief Judge, and MEDINA and LUMBARD, Circuit Judges.

LUMBARD, Circuit Judge.

■ This is an appeal from an order of the District Court for the Southern District of New York, Sugarman, J., reversing the denial by Referee Stephenson of a motion to dismiss an involuntary petition in bankruptcy for failure to state a claim upon which relief could be granted. We hold that the referee correctly refused to grant the motion to dismiss, and accordingly we reverse the order of the district court, and remand for further proceedings.

The petition was filed on June 29, 1956, alleging as acts of bankruptcy within the preceding four months that the alleged bankrupt did

(1) with intent to hinder, delay and defraud various creditors, convey, transfer, conceal, remove, or permit to be concealed or removed, or set over unto said divers persons, whose names are unknown to your petitioners, valuable property, consisting of cash, furniture, fixtures, merchandise and inventory of the value of upwards of $10,000.

(2) while insolvent transfer property and various moneys amounting in the aggregate to the value or sum of more than $10,000 to various creditors with intent thereby to prefer such creditors over other creditors of the same class, the names of the creditors receiving such preference being unknown to your petitioners.

Despite the generality of these allegations, the alleged bankrupt filed its answer to the petition on July 23, 1956 generally denying the alleged acts of bankruptcy. The petition having been referred to Referee Stephenson for hearing and determination, on October 31, 1957, the alleged bankrupt moved that the petition be dismissed on the ground that it was legally insufficient and did not state facts sufficient to constitute an act of bankruptcy. After a hearing the referee denied the motion by order of December 23, 1957. In so doing he relied on Rule 12(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides that after answer all defenses except that of failure to state a claim upon which relief can be granted are waived, and he found that despite their generality, the allegations of the petition were sufficient to state a claim.

The alleged bankrupt sought review in the district court and on February 28, 1958 Judge Sugarman reversed the referee's determination that the petition sufficiently stated a claim upon which relief could be granted. However, instead of ordering the petition dismissed, Judge Sugarman remanded the matter to the referee to determine whether the dismissal should be with leave to amend, or on the merits, and further if leave was given, to consider whether amendments which the petitioners might then propose should relate back to the date of the original petition, under Rule 15(c) of the Federal Rules. In this state of the case the petitioner brought the matter here.

■ Referee Stephenson correctly relied on our holding in Re S. W. Straus & Co., Inc., 2 Cir., 1933, 67 F.2d 605, 609. We there held that the defense that a petition is stated in such general terms as to deprive the alleged bankrupt of adequate notice of what acts of bankruptcy are alleged is a defense which is waived by answer, since the fact that he answered the petition is itself sufficient evidence that he was able, despite its vagueness, to answer or deny the allegations. This is the general rule for litigation in the federal court under Rule 12(h) of the Federal Rules of Civil Procedure. Furthermore, although the defense of failure to state a claim is not waived by the answer, merely pleading in broad terms does not amount to failure to state a claim, especially when as here

**590**

the generality of the pleading arises from use of the statutory language. Cf. South Suburban Safeway Lines, Inc. v. Carcards, Inc., 2 Cir., 1958, 256 F.2d 934.

The order of the district court is reversed and the case is remanded for further proceedings.