SLIFE ET AL., APPELLANTS, *v.* KUNDTZ PROPERTIES, INC.,
APPELLEE.

[Cite as Slife v. Kundtz Properties (1974),
40 Ohio App. 2d 179.]

(No. 33114—Decided May 30, 1974.)

*Messrs. Zellmer & Gruber*, for appellants.
*Messrs. Thompson, Hine & Flory*, for appellee.

CORRIGAN, J. Mr. and Mrs. Robert M. Slife, plaintiffs-appellants, own residential property described as sub-lot No. 8 in the Edgewater Estates Subdivision, Lakewood, Ohio. Pursuant to their deed, recorded November 15, 1965, the property remains subject to the ". . . exceptions, reservations, easements and conditions contained in deed from Kundtz Properties, Inc., to Robert R. Morrow and Leah M. Morrow, dated August 9, 1944. . . ." (Exhibit F)

On February 26, 1973, they filed a complaint in Common Pleas Court for declaratory judgment and equitable relief as successors in interest to the grantees under the warranty deed recorded in August, 1944. Under this deed, the grantor, Kundtz Properties, Inc., defendant-appellee, had reserved the natural gas rights in this land and an easement to service the gas wells for a period of up to 99 years. Kundtz covenanted with the grantees, their heirs and assigns, to supply natural gas at a reduced rate for the purpose of residential heating. Appellants' complaint directed the court to determine their right to so receive natural gas at reduced rates, to determine appellee's right to continue to extract natural gas, and to further determine their right to damages.

The 1944 deed contains a description of the property, and the following provisions:

"Excepting and reserving to the Grantor all gas in and under said premises and certain gas wells upon said premises, together with the piping and machinery in connection therewith, which wells, gas, pipes and machinery shall be and remain the property of the Grantor, its successors and assigns, and further excepting and reserving to the Grantor, its successors and assigns, an easement or right of ingress and egress over said premises to maintain, repair or otherwise oversee and operate said wells, piping and machinery, including the movement over said premises of all necessary machinery therefor.

"This exception, reservation and easement shall continue so long as the gas wells upon said premises continue to produce gas or so long as the Grantor, or its successors and assigns, deems it advisable to maintain and operate gas wells, but in no event longer than ninety-nine (99) years from the date of this conveyance.

"This conveyance is further subject to the condition that the Grantees, their heirs and assigns, will not dig or sink any other gas or oil wells upon said premises without the written consent and approval of the Grantor, its successors and assigns, first obtained.

"The Grantor covenants with the Grantees, their heirs and assigns, that so long as said wells produce gas or so long as the Grantor, its successors and assigns, maintains and operates any said wells, the Grantor, its successors and assigns, will furnish natural gas to the Grantees, their heirs and assigns, for the purpose of heating the residence now upon said premises at a rate computed by the addition of two cents (2c) per thousand feet to the price per thousand feet received from the sale of said gas to the East Ohio Gas Company or any other utility to which said gas may be sold by the Grantor its succesors and assigns."

Pursuant to Civil Rule 15(A), appellants obtained written consent of appellee, and filed an amended complaint on May 8, 1973, for declaratory judgment and equitable relief to which they attached the 1944 warranty deed as Exhibit A, and five subsequent deeds, including the 1965 deed to them as Exhibits B through F, in accordance with Civil Rule 10(D).

On June 15, 1973, appellee filed its motion to dismiss appellants' complaint for failure to state a claim upon which relief can be granted. Civ. R. 12(B)(6). On October 9, 1973, the court granted appellee's motion to dismiss to which appellants filed their appeal on October 12, 1973.

In their assignments of error the plaintiffs-appellants assert that the 1944 deed created a covenant which runs with the land and that sufficient facts were alleged in the amended complaint to set forth a claim requiring a trial on the merits and negating a dismissal on a Civil Rule 12 (B)(6) ruling.

For the purposes of a motion to dismiss, the complaint is to be liberally construed in a light most favorable to the plaintiff, and the material allegations are to be taken as admitted. See *Jenkins* v. *McKeithen* (1969), 395 U. S. 411, 421; 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE, Sec. 1357, at 594 (1969). The "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley* v. *Gibson* (1957), 355 U. S. 41, 45-46. *See also Cook & Nichol, Inc.,* v. *Plimsol Club* (5th Cir., 1971), 451 F. 2d 505, 506.

In ruling on a Rule 12(B)(6) motion, a court inquires whether the allegations constitute a statement of claim under Civil Rule 8(A). Actually few complaints fail to meet the liberal standards of Rule 8 and become subject to dismissal. *Minkoff* v. *Steven Jrs., Inc.* (2d Cir., 1958), 260 F. 2d 588. All that the civil rules require is a short, plain statement of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it is based. *Conley* v. *Gibson, supra,* at 47. Moreover, the motion to dismiss is viewed with disfavor and should rarely be granted. *See, e. g., Madison* v. *Purdy* (5th Cir., 1969), 410 F. 2d 99, 100-101.

An action should not be dismissed merely because the court doubts the plaintiff will prevail. *Cf. Brown* v. *Brown* (9th Cir., 1966), 368 F. 2d 992, *cert. denied* (1966), 385 U. S. 868. Whether the plaintiff can prevail is a matter properly determined by the proof and not the pleadings. *See, e. g., Sass* v. *District of Columbia* (D. C. Cir., 1963), 316 F. 2d 366.

The deeds attached to appellants' amended complaint sufficiently set forth a chain of title to the property to establish their claim as successors in interest to have the rights and reservations in those deeds construed in a declaratory judgment action.

Appellee concedes that the covenant to supply gas at reduced rates is a real covenant (Appellee's brief, pp. 10, 13), and we conclude that it is real as it is clearly a charge

on the land and runs with the land. *See* 15 Ohio Jurisprudence 2d Rev. 18-19, Covenants, Section 15; 20 American Jurisprudence 2d 594, 595, Covenants, Conditions, Etc., Section 25. The language the covenantor used to create its several benefits clearly "touch and concern" the land in question and strongly infers that the parties intended the covenant to run with the land. *See Peto* v. *Korach* (8th Dist., 1969), 17 Ohio App. 2d 20.

Appellee maintains that the meaning of the covenant is plain and unambiguous in its statement that the covenant to supply gas at reduced rates ". . . to the Grantees, their heirs and assigns, for the purpose of heating the residence now upon said premises . . ." limited the grantor's obligation to the duration of the existence of the 1944 mansion house *then* upon said premises. The 1944 mansion house was razed before the parcel was subdivided and thereafter appellants' house was erected on a sub-lot within the original parcel.

Appellee therefore argues that the covenant to supply gas was extinguished when the original mansion house was razed, and thus appellants' amended complaint with the 1944 deed attached fails to state a claim upon which relief can be granted. The motion to dismiss below directed the court to construe the phrase ". . . for the purpose of heating the residence now upon said premises . . ." to mean, as a matter of law, that the covenant to supply gas at reduced rates for residential heating purposes was extinguished when the original 1944 mansion house was razed. The effect of this legal argument to the lower court would be to hold that the benefit of the covenant, *i. e.*, to supply gas at preferential prices, had a duration limited to the existence of the 1944 mansion house, but the detriment or encumbrance to the estate, *i. e.*, the rights to the gas and the easement to continually extract it, had a duration of as long as the grantor chose to operate the wells up to 99 years. Appellee maintains such a conclusion is unambiguous from the language of the covenant.

On the other hand, the appellants maintain that the language of the the covenant is subject to interpretation,

raises questions, and could be construed against the appellee in some respects, and, therefore, the complaint sufficiently states a claim requiring further proceedings. Since the covenant appears to be open to interpretation, we find merit in the appellants' contention. Dismissals may be proper where the language is clear and unambiguous, but trials are generally required where an interpretation involves a ruling on the merits of a claim.

It is apparent that the essence of appellee's motion is not that the amended complaint in itself fails to state a claim, but that the deed attached to the complaint showed an insuperable bar to relief according to appellee's construction of the instrument. *See, e. g., Case* v. *State Farm Mutual Automobile Ins. Co.* (5th Cir., 1961), 294 F. 2d 676. Appellants then became charged with the burden of presenting to the court its construction of the covenant, as a matter of law, to refute the basis of appellee's motion to dismiss. Appellee carries the burden of establishing to the court that the deed on its face contains a clear statement that the relief prayed for is not merited. *Cf. Jacksonville News. Print, P. & A. U. No. 57* v. *Florida Pub. Co.* (M. D. Fla., 1972), 340 F. Supp. 993, *cert. denied* (1973), 411 U. S. 906.

In support of the propriety of its motion appellee argues that the language of the covenant is unambiguous in demonstrating the intention of the parties. However, the intention of the parties and any proper construction of a covenant is to be based on a reading of the entire deed as a whole. *See* 15 Ohio Jurisprudence 2d Rev. 8-9, Covenants, Sections 4-5; 20 American Jurisprudence 2d 579, Covenants, Conditions, Etc., Section 5. The deed as a whole, as well as the paragraph containing the phrase at issue herein, speaks in terms of the full duration of the estate reserved in the grantor:

"The Grantor covenants with the Grantees, their heirs and assigns, *that so long as said wells produce gas or so long as the Grantor, its successors and assigns, maintains and operates any said wells,* the Grantor, its successors and assigns, *will furnish natural gas* to the Grantees, their heirs and assigns. . . ." (Emphasis added.)

As a general rule, real covenants have the same duration as the estate to which it is annexed. *See* 20 American Jurisprudence 2d 577-578, 743-744, Covenants, Conditions, Etc., Sections 3, 180. Therefore, at least one reasonable construction of the deed would be that the parties did not intend the covenant to supply gas to be as limited as the appellee suggests.

There are other factors weighing on the parties' claims in the present case. It is essential that sufficient consideration exists to support the validity of a covenant. *See* 20 American Jurisprudence 2d 578, Covenants, Conditions, Etc., Section 4. Therefore, if the furnishing of natural gas at reduced rates is considered the detriment as against the continued operation and maintenance of the gas wells through the easement, the covenants in this deed might be interpreted as "dependent," and the termination of one obligation might be construed as terminating the other. *See* 15 Ohio Jurisprudence 2d Rev. 11-13, Covenants, Section 8; 20 American Jurisprudence 580-582, Covenants, Conditions, Etc., Section 8.

We set forth these questions merely to amplify the complexity of the legal issues in a case disposed of by a motion to dismiss for failure to state a claim.

Finally, further answering appellee's contention that the intention of the parties is apparent from the allegedly precise and unambiguous language used, we note the case of *Hunt* v. *Held* (1914), 90 Ohio St. 280, wherein the same Cleveland law firm as now represents appellee in the present case prevailed before our Supreme Court in successfully arguing a more liberal interpretation of the word "residence" as it appeared in a restrictive covenant governing a subdivided parcel, thereby permitting the erection of a two-family house on a sub-lot. *Id.* at 287. *See also Houk* v. *Ross* (1973), 34 Ohio St. 2d 77.

Our purpose in discussing the potential merits of the appellants' case is to reinforce the conclusion of this court that Rule 12(B) (6) motions should not be employed to terminate actions which the trial court might doubt will prevail on their substantive merits. Rule 12(B) (6) motions should be granted only where the allegations in the

complaint show the court to a certainty that the plaintiff can prove no set of facts upon which he might recover, or where the claim is predicated on some writing attached to the complaint pursuant to Civil Rule 10(D) and that writing presents an insuperable bar to relief.

Rule 12 (B) provides that a motion to dismiss for failure to state a claim can be treated as a motion for summary judgment when the movant presents and the court accepts matters outside the pleadings as are specifically enumerated in Rule 56. No such conversion occurred here; rather it was the granting of a Rule 12(B) (6) motion on the pleadings.

We conclude that the Common Pleas Court erred in granting appellee's motion to dismiss for failure to state a claim upon which relief could be granted. Appellants' complaint sufficiently set forth its claim for relief and any competing considerations at law should be tested at a hearing on the merits rather than disposed of as they were in a hearing on a Rule 12(B) (6) motion.

The judgment is therefore reversed and the case is remanded to the Common Pleas Court for further proceedings according to law.

*Judgment reversed.*

SILBERT, C. J., and JACKSON, J., concur.