### Central Ohio Receivables Co. v. Anderson
### Case No. 89AP723
### Franklin County, (10th)
### Decided January 18, 1990
[Cite as 1 AOA 411]

*Ms. T. M. Cordell, for appellant.*

*Ms. Judith E. Christopher, for appellee Jeffrey C. Anderson.*

*Ms. Carol Davis, for appellee Elizabeth S. Larkin.*

BRYANT, J.

Plaintiff-appellant, Central Ohio Receivables Company, appeals from a judgment rendered by the Franklin County Municipal Court granting defendants' motion to dismiss under Civ. R. 12(B) (6).

On January 19, 1989, plaintiff filed a complaint in the Franklin County Municipal Court claiming all right, title, and interest in all collectibles related to a lease between defendants and Indianola Square Investments, a copy of which was attached to plaintiff's complaint. Plaintiff further alleged that defendant Anderson had breached the lease and was liable to plaintiff in damages; and that defendant Larkin guaranteed defendant Anderson's liability under the lease. At the same time, plaintiff filed notices to take depositions. Defendants responded with a motion to dismiss under Civ. R. 12(B)6), and for failure to join a necessary party. Plaintiff rejoined with a motion to strike defendants' motion to dismiss.

Coupled with several other motions, defendants requested a stay of plaintiff's depositions, which the trial court granted pending its ruling of the various outstanding motions.

Ultimately, the trial court denied defendants' motion to dismiss but ordered plaintiff to provide information regarding its capacity to initiate the action. On April 17, 1989, plaintiff filed a reply and attached a copy of the assignment Indianola Square Investments made to plaintiff.

Defendants filed an amended motion to dismiss, claiming that the purported assignment was not effective. Specifically, defendants asserted that the president of Indianola Square Investments lacked authority to make the assignment, as the assignment was not accompanied by additional documents authorizing the president to execute an assignment. Defendants further argued that, without such evidence, plaintiff had failed to state a claim upon which relief could be granted.

Plaintiff filed an opposing memorandum and argued that the issues raised in defendants' amended motion were factual and not appropriately addressed until after discovery. Following a hearing, the lower court granted defendants' motion to dismiss under Civ. R. 12(B)6).

Plaintiff appeals therefrom and sets forth the following assignments of error:

"1. The issuance of a Dismissal Entry against Plaintiff-Appellant under Civil Rules 12(B)(6), 12(B)(7) and/or 19(A)(1), given the circumstances and facts before the Court was an abuse of discretion, prejudicial error on behalf of the Trial Court and grounds for reversal.

"2. The issuance of a Dismissal Entry against Plaintiff-Appellant as a sanction for failing to provide a corporate resolution, not having been specifically requested by the Court or the opposing parties, and not in Plaintiff-Appellant's custody or control, was an abuse of discretion, prejudicial error on behalf of the Trial Court and grounds for reversal."

In arguing its first assignment of error, plaintiff contends that the trial court erred because it did not base its decision on the allegations of plaintiff's complaint, but rather dismissed plaintiff's action because it doubted that plaintiff could produce the necessary evidence to prevail.

In order for a court to dismiss a complaint under Civ. R. 12(B)(6), "*** it must appear beyond doubt from complaint that the plaintiff can prove no set of facts entitling him to recovery. ***" *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242, syllabus. A court may not properly dismiss a complaint under Civ. R. 12(B)(6) because it doubts plaintiff will win on the merits. Moreover, unless the motion is properly converted into a motion for summary judgment, the question of which party will prevail on a motion to dismiss is properly determined only by the pleadings, not by matters outside the pleadings. *Slife* v. *Kundtz Properties* (1974), 40 Ohio App. 2d 179.

In determining the merits of Plaintiff's first assignment of error, we note the procedural history of this case. The court did not grant defendants' first motion to dismiss for failure to state a claim since it could not "*** determine to what defect [it was] directed." Instead, the court raised the question of plaintiff's capacity to bring the action and required further "*** information as to how the Central Ohio Receivables Company 'holds all right title and interest in and to all collectibles ***'" related to the lease, as plaintiff alleged in its complaint. Plaintiff responded with a copy of the assignment made to plaintiff and signed by the president of the lessor-corporation. Defendants filed an amended motion to dismiss under Civ.

R. 12(B)(6), which the court granted since plaintiff had not shown that a corporate resolution existed giving the president of the lessor-corporation the power to sell an asset, *i.e.*, the collectibles on the disputed lease.

Given the foregoing, we sustain plaintiff's first assignment of error. Specifically, unless a copy of the assignment from Indianola Square Investments to plaintiff was required attachment to plaintiff's complaint, plaintiff's complaint contained the necessary allegations to state a claim against defendants. Moreover to the extent plaintiff properly should have attached a copy of the assignment to its complaint, plaintiff corrected its omission in its response to the trial court's request. Whether or not the president of Indianola Square Investments actually had the authority to make what the trial court did not otherwise question as a valid assignment required evidence outside the pleadings. Inasmuch as Civ. R. 12(B)(6) motions are not determined on matters outside the pleadings, the trial court erred in dismissing plaintiff's complaint under Civ. R. 12(B)(6) for failure to produce evidence in support of the allegations it its complaint.

In reality, by considering matters outside the pleadings, the trial court treated defendant's motion to dismiss as if it were a motion for summary judgment. A court may convert a motion to dismiss under Civ. R. 12(B)(6) into a motion for summary judgment, but cannot do so without giving the parties notice of its intent. *Petrey* v. *Simon* (1983), 4 Ohio St. 3d 154. The trial court did not give any such notice.

Accordingly, plaintiff's first assignment of error is sustained.

In its second assignment of error, plaintiff claims that the court sustained defendants' motion as a sanction to plaintiff. However, plaintiff offers no support for its contention, and we find none in the record.

Hence, we overrule plaintiff's second assignment of error.

Having sustained plaintiff's first assignment of error, we reverse the judgment of the trial court and remand this case further proceedings consistent herewith.

*Judgment reversed and cause remanded*

YOUNG and RADCLIFFE, JJ., Concur.

RADCLIFFE, J., of the Ross County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.