**HARMON, Appellant,**

**v.**

**DUNCAN et al., Appellees.**

[Cite as *Harmon v. Duncan* (1991), 72 Ohio App.3d 144.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59933.

Decided Jan. 14, 1991.

*Eugene S. Bayer,* for appellant.

*John T. Corrigan,* Prosecuting Attorney, and *Michael P. Butler,* for appellees.

*Per Curiam.*

On November 7, 1989, plaintiff-appellant Carolyn Harmon ("appellant") was a Democratic presiding judge in Precinct 14A, city of Cleveland, Cuyahoga County, vested with the authority to enforce peace and good order in and about the place of the ballot boxes. In a memorandum sent to the presiding judges from the Absent Voting Department, the presiding judges were provided a list of voters who requested absentee ballots for the election. The presiding judges were instructed to not allow a person on the list to vote.

At appellant's precinct, a voter whose name was on the list of absentee voters appeared to vote, but appellant refused to let the woman vote. Appellant claimed that two inspectors from the board of elections investigating the problem supported appellant's decision. However, defendant-appellee Geneva Duncan, who was in charge of all the Democratic precinct judges, disagreed with appellant and relieved her of her duties on the spot.

On November 17, 1989, appellant filed the instant suit against defendants-appellees, Geneva Duncan and several members of the Cuyahoga County Board of Elections ("appellees"). In Count One of her complaint, appellant alleged that appellee Duncan's conduct was vicious, malicious and contrary to law. Appellant further alleged in Count Two of her complaint that the appellee board members were negligent in failing to instruct appellee Duncan on the proper procedures for absentee voters.

On December 11, 1989, appellees filed a motion to dismiss pursuant to Civ.R. 12(B)(6), arguing that appellant's complaint failed to state a claim upon which relief could be granted. On May 24, 1990, the trial court granted appellees' motion. Appellant filed a timely appeal from the trial court's dismissal of her case.

■ Appellant argues that the trial court erred in granting appellees' Civ.R. 12(B)(6) motion. In order for a trial court to dismiss a complaint for failing to state a claim upon which relief can be granted, it must appear beyond a reasonable doubt that the allegations in the complaint can prove no set of facts which, when construed most favorably to the plaintiff, would entitle him to relief. *Zuber v. Ohio Dept. of Ins.* (1986), 34 Ohio App.3d 42, 44, 516 N.E.2d 244, 245.

■ A trial court should not dismiss the complaint because it doubts the plaintiff will win on the merits. *Slife v. Kundtz Properties* (1974), 40 Ohio App.2d 179, 69 O.O.2d 178, 318 N.E.2d 557, paragraph four of the syllabus. The ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6) must test only the sufficiency of the complaint. *Id.*

■ In the instant case, count one of appellant's complaint alleged that appellant acted within her authority and in accordance with the board of elections rules regarding absentee voters. In count one, appellant claimed that two inspectors from the board of elections investigated the situation and informed her that she was right in refusing a ballot to a person whose name was on the list of absentee voters. Appellant alleged that despite the fact that she was acting within the rules of the board of elections, appellee Duncan excoriated her in full view of all fellow workers and relieved her of her duties on the spot. Appellant specifically alleged that appellee Duncan's conduct was vicious, malicious, and contrary to law.

In Count Two of her complaint, appellant further alleged that appellee board members failed to instruct appellee Duncan as to the procedures regarding absentee voters. Appellant claimed that appellee board members were negligent in hiring appellee Duncan as a supervisor of the presiding judges.

Construed most favorably to appellant, we find appellant's complaint alleged facts which could entitle her to relief from appellees. Thus, we conclude that the trial court erred in granting appellees' Civ.R. 12(B)(6) motion to dismiss. Accordingly, appellant's assignments of error are well taken and are sustained.

The trial court judgment is reversed and this cause is remanded for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

JOHN V. CORRIGAN, PATTON and FRANCIS E. SWEENEY, JJ., concur.