**TOLEDO FAIR HOUSING CENTER et al.**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY et al.**

Court of Common Pleas of Ohio,
Lucas County.

No. 93–1685.

Decided Dec. 28, 1993.

---

*Cooper, Walinski & Cramer, Stephen Dane, Janet Hales* and *Margaret Lockhart; Washington Lawyers Committee for Civil Rights Under Law* and *John P. Relman; Richard J. Ritter; William Howard Lynch; Hall, Patterson & Charne, S.C.,* and *Gretchen Elizabeth Miller,* for plaintiffs.

*Fox & Grove, Jeffrey Goldman, Allison Blakely, Joel Rice* and *Diane Cifuentes Gerew; Fuller & Henry* and *Martin J. Witherell,* for defendants.

---

FREDERICK H. MCDONALD, Judge.

This cause is before the court on the Civ.R. 12(B)(6) motion to dismiss of defendants, Nationwide Mutual Insurance Company and Nationwide Mutual Fire Insurance Company (collectively "Nationwide"). Upon consideration of the motion and review of the record and applicable law, I find that this motion must be denied.

## I

Plaintiffs in this motion are six African–American homeowners or prospective homeowners in the city of Toledo, and the Toledo Fair Housing Center ("TFHC"), a nonprofit agency. The complaint alleges that Nationwide engaged in a practice of "redlining" African–American neighborhoods "by avoiding writing insurance policies, charging different rates, offering inferior policies, discouraging applications, imposing different terms and conditions of coverage, or cancelling or not reviewing policies." (First Amended Complaint ¶ 1.)

## II

The rules governing motions to dismiss are well established. In *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 532 N.E.2d 753, the Supreme Court of Ohio stated the requirements that must be met before a motion to dismiss can be granted:

"In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. Then, before we may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts warranting a recovery." (Citations omitted.) *Id.* at 192, 532 N.E.2d at 756. See, also, *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 230, 551 N.E.2d 981, 982–983.

A Civ.R. 12(B)(6) motion to dismiss is limited to the face of the pleadings under attack. Staff Notes to Civ.R. 12(B), paragraph twelve. Whether a party can prevail on the merits is a matter properly determined by proof, not pleadings. *Slife v. Kundtz Properties* (1974), 40 Ohio App.2d 179, 182, 69 O.O.2d 178, 180, 318 N.E.2d 557, 560.

## III

Defendants have argued at length why plaintiffs' complaint should be dismissed at the pleading stage. These arguments include plaintiffs' lack of standing due to no concrete "injury"; plaintiffs' lack of standing due to the use of "testers" who

never applied for homeowner's insurance; plaintiffs' failure to state a claim for relief under R.C. 4112.02(H)(1), (3), or (10) of the Ohio Civil Rights Act; plaintiffs' failure to allege a *prima facie* case of disparate treatment under R.C. 4112.02(H)(4); plaintiffs' failure to allege injury within a one-year statute of limitations period; and plaintiffs' failure to state a claim for disparate impact under the Ohio Civil Rights Act.

Defendants' arguments are not well taken at this stage. Presuming all allegations of plaintiffs' complaint are true, there is legal support for the claims. See *McDiarmid v. Economy Fire & Cas. Co.* (S.D.Ohio 1984), 604 F.Supp. 105 [1]; *Dunn v. Midwestern Indemn. Mid–American Fire & Cas. Co.* (S.D.Ohio 1979), 472 F.Supp. 1106; *NAACP v. Am. Family Mut. Ins. Co.* (C.A.7, 1992), 978 F.2d 287. See, also, Annotation, "Redlining" Consisting of Denial of Home Loans or Insurance Coverage in Certain Neighborhoods, as Discrimination in Violation of §§ 804 and 805 of Fair Housing Act (42 U.S.C. §§ 3604, 3605) (1985), 73 A.L.R.Fed. 899. Although most of these cases construe the federal statute only, the Ohio Civil Rights Act appears to contain language more favorable for maintaining a housing discrimination suit than the federal Fair Housing Act.[2] Accordingly, I find Nationwide's motion to dismiss not well taken, and it must be denied.

## JOURNAL ENTRY

It is ORDERED that the motion to dismiss of defendants, Nationwide Mutual Insurance Company and Nationwide Mutual Fire Insurance Company, is denied.

*Motion to dismiss denied.*

---

1. In *McDiarmid* at 107, the court declined to follow the reasoning of *Mackey v. Nationwide Ins. Cos.* (C.A.4, 1984), 724 F.2d 419, upon which defendants rely in support of their motion to dismiss.

2. Plaintiffs have not based any substantive claim for relief on the federal Fair Housing Act.