**OHIO CIVIL RIGHTS COMMISSION**

v.

**OANCEA.**

Court of Common Pleas of Ohio,
Lucas County.

No. 94–1851.

Decided Dec. 19, 1994.

*Lee Fisher,* Attorney General, and *Patrick A. McGraw,* Assistant Attorney General, for Ohio Civil Rights Commission.

*Brown, Schlageter, Craig & Schindler* and *Eric W. Slack,* for Holly Rivers.

*Allan J. Chabler,* for Edna Oancea.

---

FREDERICK H. MCDONALD, Judge.

This cause is before the court on the Civ.R. 12(B)(6) motion to dismiss of defendant Edna Oancea. Upon consideration of the pleadings, the written arguments of counsel, and the applicable law, I find that this motion must be denied.

## I

The plaintiff in this motion is the Ohio Civil Rights Commission ("commission"), an agency and instrumentality of the state of Ohio created by R.C. 4112.03. The complaint alleges the following. Defendant Edna Oancea is a provider of "housing accommodations" as defined by R.C. 4112.01(A)(10). On January 20, 1993, a sworn housing discrimination charge against the defendant was filed with the commission by Holly Rivers pursuant to R.C. 4112.05(B)(1). It alleged that Oancea discriminated against Rivers in the rental of certain property on December 6, 1992. The commission conducted a preliminary investigation of the charge filed.

As a result of its preliminary investigation, the commission determined on or about April 22, 1993 that it was probable that unlawful discriminatory practices have been or are being engaged in by Oancea in violation of R.C. 4112.02(H)(1) and (2). The commission caused a complaint and Notice of Hearing and Election to be issued against Oancea pursuant to R.C. 4112.05(B)(3).

Pursuant to R.C. 4112.051, Oancea notified the commission of her election to have the alleged discriminatory practices addressed in a civil action. The present civil action is brought on behalf of Rivers by the Ohio Civil Rights Commission pursuant to R.C. 4112.051. It was filed on July 5, 1994. Oancea now moves to dismiss the complaint, contending that it was not timely filed.

## II

The rules governing motions to dismiss are well established. In *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 532 N.E.2d 753, the Supreme Court of Ohio stated the requirements that must be met before a motion to dismiss can be granted:

"In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. Then, before we may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts warranting a recovery." (Citations omitted.) *Id.* at 192, 532 N.E.2d at 756. See, also, *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 230, 551 N.E.2d 981, 982–983.

A Civ.R. 12(B)(6) motion to dismiss is limited to the face of the pleadings under attack. Staff Notes to Civ.R. 12(B), Rule 12(B) Defenses, How Presented. Whether a party can prevail on the merits is a matter properly determined by proof, not pleadings. *Slife v. Kundtz Properties* (1974), 40 Ohio App.2d 179, 182, 69 O.O.2d 178, 180, 318 N.E.2d 557, 560.

## III

In her motion to dismiss, Oancea argues that R.C. 4112.051 should be controlling in this case. R.C. 4112.051 states:

"(A)(1) Aggrieved persons may enforce the rights granted by division (H) of section 4112.02 of the Revised Code by filing a civil action in the court of common pleas of the county in which the alleged unlawful discriminatory practice occurred within one year after it allegedly occurred. * * * *"

It is undisputed that the alleged offense occurred on December 6, 1992, and that the complaint in the current action was not filed until July 5, 1994. Oancea argues that since the complaint in this court was filed more than one year after the alleged offense, it was not timely filed as required by R.C. 4112.051. In order to resolve this issue, it is necessary to review the statutes governing the procedure for obtaining an administrative and/or judicial review of a discrimination claim.

R.C. 4112.02 defines "unlawful discriminatory practices," and R.C. 4112.02(H)(1) and (2) describe the unlawful discriminatory practices relevant to this case. R.C. 4112.05(B)(1) provides in relevant part:

"Any person may file a charge with the commission alleging that another person has engaged or is engaging in an unlawful discriminatory practice. * * * In the case of a charge alleging an unlawful discriminatory practice described in division (H) of section 4112.02 of the Revised Code, the charge shall be in writing and under oath and shall be filed with the commission within one year after the alleged unlawful discriminatory practice was committed."

After the charge has been filed pursuant to R.C. 4112.05(B)(1), R.C. 4112.05(B)(3)(a) provides in relevant part:

" * * * the commission shall complete a preliminary investigation of a charge filed pursuant to division (B)(1) of this section that alleges an unlawful discriminatory practice described in division (H) of section 4112.02 of the Revised Code, and shall take one of the following actions, within one hundred days after the filing of the charge:

"(i) * * *

"(ii) Initiate a complaint and schedule it for informal methods of conference, conciliation, and persuasion[.]"

R.C. 4112.05(B)(5) further provides in relevant part:

" * * * If the commission fails to effect the elimination of an unlawful discriminatory practice by informal methods of conference, conciliation, and persuasion under this section and to obtain voluntary compliance with this chapter, the commission shall issue and cause to be served upon any person, including the respondent against whom a complainant has filed a charge pursuant to division (B)(1) of this section, a complaint stating the charges involved and containing a notice of an opportunity for a hearing before the commission, a member of the commission, or a hearing examiner * * *. * * * If a complaint pertains to an alleged unlawful discriminatory practice described in division (H) of section 4112.02 of the Revised Code, the complaint shall notify the complainant, an aggrieved person, and the respondent of the right of the complainant, an aggrieved person, or the respondent to elect to proceed with the administrative hearing process under this section or to proceed under division (A)(2) of section 4112.051 of the Revised Code."

The timing necessary for the R.C. 4112.05(B)(5) complaint is provided by R.C. 4112.05(B)(7):

"Any complaint issued pursuant to division (B)(5) of this section after the filing of a charge under division (B)(1) of this section shall be so issued within one year

after the complainant filed the charge with respect to an alleged unlawful discriminatory practice."

R.C. 4112.051(A)(2)(a) provides that after the R.C. 4112.04(B)(5) complaint is issued:

" * * * the complainant, any aggrieved person on whose behalf the complaint is issued, or the respondent may elect, following receipt of the relevant notice described in division (B)(5) of section 4112.05 of the Revised Code, to proceed with the administrative hearing process under that section or to have the alleged unlawful discriminatory practices covered by the complaint addressed in a civil action commenced in accordance with divisions (A)(1) and (2)(b) of this section. * * *."

R.C. 4112.051(A)(1) provides:

"Aggrieved persons may enforce the rights granted by division (H) of section 4112.02 of the Revised Code by filing a civil action in the court of common pleas of the county in which the alleged unlawful discriminatory practice occurred within one year after it allegedly occurred. Upon application by an aggrieved person, upon a proper showing, and under circumstances that it considers just, a court of common pleas may appoint an attorney for the aggrieved person and authorize the commencement of a civil action under this division without the payment of costs.

"Each party to a civil action under this division has the right to a jury trial of the action. To assert the right, a party shall demand a jury trial in the manner prescribed in the Rules of Civil Procedure. If a party demands a jury trial in that manner, the civil action shall be tried to a jury."

In addition, R.C. 4112.051(A)(2)(b) provides:

"Upon receipt of a timely mailed election to have the alleged unlawful discriminatory practices addressed in a civil action, the commission shall authorize the office of the attorney general to commence and maintain the civil action in the court of common pleas of the county in which the alleged unlawful discriminatory practices occurred. Notwithstanding the period of limitations specified in division (A)(1) of this section, the office of the attorney general shall commence the civil action within thirty days after the receipt of the commission's authorization to commence the civil action."

A reading of these statutes together indicates that a complainant has one year from the date of the alleged discriminatory conduct to file a charge with the commission under R.C. 4112.05(B)(1); then the commission has one hundred days after the filing of the charge to initiate a complaint and schedule it for informal methods of conference, conciliation, and persuasion under R.C. 4112.05(B)(3)(a).

If informal methods fail to resolve the charge, a complaint shall be issued by the commission within one year after the complainant filed the charge with the commission. This complaint states the charges and contains a notice of the right of a party to elect to proceed with the administrative hearing process or to proceed in a civil action commenced in common pleas court. R.C. 4112.05(B)(5) and (7). By combining the year that the complainant has to file the charge with the commission and the year which the commission then has to file the complaint and notice of election to proceed in common pleas court, a period of two years could legally pass before the notice of the right to elect to proceed in common pleas is issued.

■ Under Ohio law, an aggrieved individual may have more than one procedural option available in obtaining redress for alleged discrimination. See, *e.g.*, *Duvall v. Titan Equip. Corp.* (June 25, 1992), Cuyahoga App. No. 62809, unreported, 1992 WL 146861 (discussing the age discrimination options, two of which parallel those for housing discrimination). The complainant in this case, Holly Rivers, had two procedural options available to her to obtain redress for the alleged discrimination. One option was to file a civil action directly in the court of common pleas pursuant to R.C. 4112.051(A), and this action, as prescribed by the statute, would need to be filed within one year of the alleged discriminatory practice. Rivers chose the other option, which was to file a charge with the commission, whose procedures are discussed above.

■ To hold, as Oancea desires, that the commission action must be commenced in common pleas court within one year of the alleged discriminatory practice in order to satisfy R.C. 4112.051(A)(1) would void the procedures set up in R.C. 4112.05 that lead into R.C. 4112.051(A)(2). When construing a statute, a court should give effect to all parts of the statute. See *State ex rel. Mirlisena v. Hamilton Cty. Bd. of Elections* (1993), 67 Ohio St.3d 597, 599, 622 N.E.2d 329, 330–331. Therefore, if an action is commenced in common pleas court in response to the election notification in the R.C. 4112.05(B)(5) complaint, that action does not need to be commenced within one year of the alleged discriminatory practice. Accordingly, Oancea's motion to dismiss must be denied.

## JOURNAL ENTRY

It is ORDERED that the motion to dismiss of defendant Edna Oancea is denied.

It is further ORDERED that the motions to intervene of Fair Housing Center and Holly Rivers are set for a hearing on the 21st day of December, 1994 at 9:30 a.m.

*Motion to dismiss denied.*