JOURNAL ENTRY AND OPINION
The Color Bar Printing Company appeals from a common pleas court dismissal of its case against Vel and Jerome Litt dba Living Magazine complaining on appeal that the court improperly dismissed its case because it had no obligation to oppose a Civ.R. 12(B)(6) motion. Vel and Jerome Litt asserted in their motion that Color Bar Printing cannot recover from them personally because they are limited liability partners in an entity known as Windstar Publications, Ltd., which owns Living Magazine. After a careful review of the record and the applicable law, we reverse the decision of the trial court for the following reasons.
The record before us is disputed on the issue of the contractual relationship existing between the parties to this appeal. In its complaint, Color Bar Printing asserts that it contracted with Vel and Jerome Litt to format the layout, design, printing, and distribution of Living Magazine, and claims it never received payment of $17,023.50, which it is owed for that work. In their answer, Vel and Jerome Litt deny the existence of any contractual relationship and urge dismissal of the complaint for failure to join Windstar Publications, Ltd., an Ohio limited liability company.
After filing their answer, Vel and Jerome Litt moved to dismiss the complaint arguing that Color Bar Printing cannot hold them personally liable for the corporate obligations of Windstar Publications. Color Bar Printing did not file a brief in opposition to this motion. The record also shows that Windstar Publications moved to intervene as a party defendant and sought leave to file an answer and counterclaim. The court then granted Vel and Jerome Litt's motion to dismiss the case with an entry which read, "motion to dismiss is unopposed and granted," and on the same day, overruled Windstar Publication's motions as moot. Color Bar Printing now appeals from the court's order dismissing the case filed June 21, 1999 and raises one assignment of error for our review, which states:
 THE COURT ERRED IN GRANTING THE MOTION TO DISMISS PURSUANT TO RULE 12(B)(6).
Color Bar Printing urged in its brief that the court erroneously granted the motion to dismiss because it had failed to respond to that motion, and counsel stated during oral argument before our court that the face of the complaint stated a claim against Vel and Jerome Litt for breach of contract. Vel and Jerome Litt maintain the court correctly dismissed the action because Color Bar Printing can only recover from Windstar Publications, not from them. The issue here then concerns whether the court properly dismissed the action.
We begin by noting Civ.R. 12(B)(6) states in part:
 Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted, * * *.
In Elder v. Fischer (1998), 129 Ohio App.3d 209, the court stated:
 In order to dismiss a complaint for failure to state a claim upon which relief can be granted, under Civ.R. 12(B)(6), "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." "` [I]n construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party.'" Appellate review of a Civ.R. 12(B)(6) dismissal is de novo.
Civ.R. 8(A)(1) requires a pleading to contain a short and plain statement of the claim. As set forth in Elder, when considering a motion to dismiss, a court should presume the factual allegations of the complaint to be true.
Further in Slife v. Kundtz Properties, Inc. (1974), 40 Ohio App.2d 179, the court stated:
 An action should not be dismissed merely because the court doubts the plaintiff will prevail. * * * Whether the plaintiff can prevail is a matter properly determined by the proof and not the pleadings. (Citations omitted.)
In this case, the record reveals Color Bar Printing named Vel and Jerome Litt dba Living Magazine as parties, not Windstar Publications, Ltd., a limited liability company. Because the complaint alleges that Vel and Jerome Litt breached their contract with Color Bar Printing, after making all reasonable inferences in favor of the non-moving party and reviewing the complaint to determine if it contains a plain statement of a claim, we have determined that the allegations state a claim against Vel and Jerome Litt. Accordingly, despite Color Bar Printing's failure to oppose this motion, the trial court improperly dismissed the complaint because, at a minimum, it states a claim against Vel and Jerome Litt. Whether or not Color Bar Printing may recover from them, or whether the court believes Color Bar Printing can prevail are not questions to be decided at a 12(B)(6) ruling. Therefore, we remand the matter to the trial court for further proceedings.
Judgment reversed and cause remanded
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of appellees costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, J., and JOHN T. PATTON, J., CONCUR
 _______________________________ PRESIDING JUDGE TERRENCE O'DONNELL