DECISION AND JUDGMENT ENTRY
Ronald Cooper appeals the dismissal of his complaint by the Highland County Common Pleas Court after the Highland County Board of Commissioners ("Board") filed a Civ.R. 12(B)(6) motion to dismiss. He assigns the following error:
 "THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S, HIGHLAND COUNTY BOARD OF COMMISSIONERS, MOTION TO DISMISS PURSUANT TO CIVIL RULE 12(B)(6) OF THE OHIO RULES OF CIVIL PROCEDURE."
We find that the trial court erred in granting the Board's motion to dismiss and reverse its judgment.
In 1997, the Board brought an eminent domain action against Cooper, and other similarly situated property owners, seeking an easement for the construction of a sewer line. The trial court granted the Board's easement after Cooper failed to file an answer. The easement provided in part that "[a] perpetual easement covering an area five (5) feet each side and end of the electrical service terminus and including an area seven (7) feet on both sides of the utility line (electric or sewer) as actually constructed. * * * Said perpetual easement is memorialized in the final Record Drawings of the project, retained by the Highland County Sanitary Sewer District." The Board contracted with Grooms Construction and began the construction of the sewer line.
In June 2000, Cooper filed a complaint against the Board and Grooms Construction stating in part that "[p]laintiff asserts that the construction of the easement did not take place over the area granted by the Court * * *."[1] Cooper attached a copy of the easement and a copy of the "drawings effecting the subject premises" as exhibits to his complaint. The Board responded by filing a Civ.R. 12(B)(6) motion to dismiss. After a hearing, the trial court granted the Board's motion. This appeal followed.
Cooper argues that the trial court erred in granting the Board's Civ.R. 12(B)(6) motion to dismiss because it relied on matters and documents outside of the pleadings in order to interpret the language of the easement. In particular, Cooper argues that the phrase "as actually constructed" is susceptible to more than one meaning. Cooper concedes that "as actually constructed" might refer solely to the sewer line and this interpretation would grant a floating easement to the Board; that interpretation would preclude him from stating a claim for relief. But, Cooper urges, "as actually constructed" might also be read to refer to the utility lines. In that case, the sewer line would have to be installed within seven feet of the utility lines. Cooper argues that since "as actually constructed" is susceptible to more than one meaning, the trial court had to interpret the phrase before it could decide the motion to dismiss. Therefore, the trial court should have denied the Board's motion to dismiss because the trial court could not interpret the phrase "as actually constructed" unless it relied on matters outside of the pleadings.
The Board argues that Cooper failed to state a claim for relief because he did not, and could not, allege in his complaint that the "improvement was outside the area of the sewer line `as [actually] constructed.'" The Board bases this argument on its belief that the phrase "as actually constructed" is clear and unambiguous because it refers only to the sewer line. The Board also contends that Cooper's argument is barred by res judicata because he did not appeal the trial court's original entry granting the easement.
We review the trial court's decision to grant a motion to dismiss on a de novo basis. See Shockey v. Fouty (1995), 106 Ohio App.3d 420, 424,666 N.E.2d 304. Civ.R. 12(B)(6)[2] permits a party to file a motion to dismiss a complaint for failure to state a claim for relief. Civ.R. 12(B)(6) motions test the sufficiency of the complaint. State ex rel.Horwitz v. Cuyahoga Cty. Court of Common Pleas, Probate Div. (1992),65 Ohio St.3d 323, 325, 603 N.E.2d 1005. In order for a court to dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond doubt that the moving party can prove no set of facts in support of his claim that would entitle him to relief. Taylor v. London 88 Ohio St.3d 137, 139,2000-Ohio-278, 723 N.E.2d 1089, citing O'Brien v. University CommunityTenants Union, Inc. (1975), 42 Ohio St.2d 242, 327 N.E.2d 753, syllabus. When reviewing a motion to dismiss for failure to state a claim, a court must accept the facts stated in the complaint as true and must construe all reasonable inferences in favor of the nonmoving party.Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753.
When reviewing a Civ.R. 12(B)(6) motion, courts are confined to the allegations contained in the complaint. State ex rel. Alford v.Willoughby Civil Service Comm. (1979), 58 Ohio St.2d 221, 223,390 N.E.2d 782. But courts may consider written instruments if they are attached to the complaint. First Michigan Bank Trust v. P. S. Bldg. (Feb. 16, 1989), Meigs App. No. 413, citing Slife v. Kundtz Properties,Inc. (1974), 40 Ohio App.2d 179, 318 N.E.2d 557. However, courts should avoid interpreting these written instruments at the pre-trial stage unless the instrument is clear and unambiguous on its face. Slife,40 Ohio App.2d at 184-85. If the written instrument is unclear or ambiguous, trial courts are forced to look outside the pleadings in order to interpret the written instrument. If a motion to dismiss refers to, or depends on matters outside the pleadings, the motion to dismiss must be converted to a motion for summary judgment under Civ.R. 56(C). See Civ.R. 12(B); State ex rel. The V. Cos. v. Marshall 81 Ohio St.3d 467,470, 1998-Ohio-329, 692 N.E.2d 198. If the court converts the motion to dismiss to a motion for summary judgment, the parties must be given notice and a reasonable opportunity to present all of the available evidence that Civ.R. 56(C) permits. Id.
The trial court stated in its entry "[p]laintiff argues that the defendant, Board of Commissioners and defendant, Grooms Construction Company caused construction to be conducted outside the area described in the construction easement * * * The plaintiff further avers the easement is limited to the perameters [sic] described in said easement adopting as his authority language contained therein which states as follows: `Said perpetual easement is memorialized in the final Record Drawings of the project, retained by the Highland County Sanitary Sewer District.'" The trial court then concluded that "[t]here is no claim submitted that the installation of the sewer system across plaintiff's premises encroached upon an area in violation of the dimensions expressed in the foregoing described perpetual easement."
The Board argues that its motion to dismiss was proper because res judicata bars Cooper's complaint. The Board reasons that Cooper waived his right to contest the language in the easement when he failed to appeal the trial court's order granting the easement. Civ.R. 8(C) states that res judicata is an affirmative defense. Civ.R. 12(B) lists the possible defenses that may be raised by a motion to dismiss, but res judicata is noticeably absent from this list. See Civ.R. 12(B). Therefore, the Ohio Supreme Court has held that res judicata cannot be raised in a Civ.R. 12(B)(6) motion to dismiss. See State ex rel. Freemanv. Morris (1991), 62 Ohio St.3d 107, 109, 579 N.E.2d 702. Summary judgment is the preferred method of addressing this defense.
We turn now to the merits of Cooper's appeal. The Board argues that the phrase "as actually constructed" is clear and unambiguous so that it can only be read to refer to the sewer line. However, Cooper argues that the phrase "as actually constructed" is susceptible to more than one meaning because it can reasonably be read to refer to the already existing electrical and utility lines. We find Cooper's argument compelling.
Since Cooper attached the easement to the complaint, it would normally be considered when deciding a Civ.R. 12(B)(6) motion. See First MichiganBank Trust, supra. However, the language of the easement is unclear and ambiguous because it is reasonably susceptible to more than one meaning. The phrase "as actually constructed" could be read to refer only to the sewer line, or it could be read to refer to the utility lines. Therefore, the easement's language cannot be interpreted when deciding the Civ.R. 12(B)(6) motion. Since we cannot definitively interpret the easement's language at this stage, there is a set of facts, which would allow Cooper to prevail.
When deciding this Civ.R. 12(B)(6) motion to dismiss, we must accept Cooper's interpretation of the phrase "as actually constructed" as correct and construe all reasonable inferences in his favor. If Cooper is correct and the phrase "as actually constructed" refers to the utility line then he has stated a valid claim for relief. In addition, Cooper's complaint is sufficient because he clearly alleged that the sewer line was constructed outside of the area granted by the easement.
While Cooper's claim may not be the best example of notice pleading, it did state a claim for which relief can be granted because it gave the Board notice of the claims against them. The trial court should have denied the Board's Civ.R. 12(B)(6) motion to dismiss. Cooper's assignment of error is sustained.
 JUDGMENT REVERSED AND CAUSE REMANDED.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] Cooper's complaint included two counts. The first count was filed against the Board and Grooms Construction. The second count was filed solely against Grooms. The trial court granted Grooms's motion to dismiss the first count and Cooper did not appeal. The trial court also granted Cooper's motion for summary judgment against Grooms for the second count and Grooms did not appeal. Therefore, this appeal only involves the sufficiency of Cooper's first count as it applies to the Board.
[2] Civ.R. 12(B) states: "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counter claim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * *
(6) failure to state a claim upon which relief can be granted.