OPINION
Defendant, Larry N. Morgan, appeals from a summary judgment rendered by the court of common pleas in favor of Plaintiff, Beneficial Mortgage of Ohio ("Beneficial"), on its complaint in foreclosure.
The real property involved in the foreclosure action is located at 302 Fremont Street, in Springfield, Ohio. On August 22, 1994, the owners, Daniel and Sarah Jacobs, executed a mortgage deed for the property in favor of Beneficial to secure a note in the amount of $26,460.
The Jacobs subsequently sold the property to Roberta G. Honaker, executing a deed in her favor. Honaker took the property subject to Beneficial's note and mortgage, which were not extinguished. Honaker subsequently died. Her surviving spouse, Defendant Morgan, acquired an interest in the property by operation of dower.
Daniel and Sarah Jacobs filed a petition in bankruptcy and were discharged from their debt to Beneficial. Beneficial then proceeded to enforce its interests under the mortgage by filing a foreclosure action. One of the defendants in the action is Larry Morgan.
Morgan filed pleadings responsive to Beneficial's complaint in foreclosure. Beneficial filed a motion for summary judgment. Morgan opposed the motion. The court granted Beneficial's motion after a hearing. Morgan filed a timely notice of appeal.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY AWARDING SUMMARY JUDGMENT TO APPELLEE.
 Morgan argues that the trial court erred when it granted summaryjudgment to Beneficial on its complaint in foreclosure because thecomplaint did not attach the underlying promissory note alleged to bein default.
 Civ.R. 10(D) states:
 "When any claim or defense is founded on an account or other written instrument, a copy thereof must be attached to the pleading. If not so attached, the reason for the omission must be stated in the pleading."
 The rule requires copies of the mortgage deeds and notes to be attachedto complaints in foreclosure. Slife v. Kundtz Properties, Inc. (1974),40 Ohio App.2d 179; Quallich v. Paugh Farmer, Inc. (June 29, 1979),
Cuyahoga App. No. 38787, unreported.
Beneficial's complaint in foreclosure attached copies of the note and mortgage that Daniel and Sarah Jacobs had signed. It did not attach copies of documents portraying Morgan's dower interest, which is an interest Beneficial sought to foreclose. However, Morgan asserted the existence of his dower interest in an Answer that he filed on April 22, 1999. That admission rendered moot any failure of Beneficial to comply with Civ.R. 19(D) with respect to its claim against Morgan's dower interest.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY AWARDING SUMMARY JUDGMENT TO APPELLEE.
Summary judgment may not be granted where a genuine issue of material fact remains for determination. Harless v. Willis Day Warehousing Co.(1978), 54 Ohio St.2d 64. Morgan argues that such an issue remained for determination. The issue, according to Morgan, arises from an allegation in Beneficial's complaint that Daniel and Sarah Jacobs are owners of the subject property in fee simple. In fact, they conveyed their interest to Roberta Honaker, Morgan's deceased spouse, in 1996.
The factual issue arising from Morgan's allegation is immaterial to Beneficial's claim against him. Indeed, Beneficial's complaint alleges only that Daniel Jacobs and Sarah Jacobs each "may claim an interest and lien against said premises by reason of being a previous owner . . ." Morgan's argument thus lacks even the factual basis on which it is purported.
The second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY AWARDING SUMMARY JUDGMENT TO APPELLEE AND DENIED APPELLANT HIS DUE PROCESS OF LAW AND EQUAL PROTECTION OF LAW.
Morgan relies on R.C. 2329.66, which provides for certain properties that a person domiciled in Ohio may hold "exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order." Morgan references us to "Exhibit C," but contrary to App.R. 16(A)(7), he doesn't cite to where in the record that exhibit may be found.
We surmise that Morgan refers to a copy of the order discharging the Jacobs in bankruptcy, which is marked "Exhibit C" and attached to the trial court's summary judgment. However, that discharge is personal to Daniel and Sarah Jacobs, and was entered after they had conveyed their interests to Morgan's spouse. It creates no right in Morgan, including any right to due process of which he may not be deprived.
The third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY AWARDING SUMMARY JUDGMENT TO APPELLEE AND DENIED APPELLATE (SIC) HIS DUE PROCESS OF LAW AND EQUAL PROTECTION OF LAW.
Morgan argues that the foreclosure of his dower interest by summary judgment deprives him of property without due process of law. He is correct that it deprives him of property. However, he is not denied due process of law thereby.
Summary Judgment is permitted by Civ.R. 56. Morgan had full notice of Beneficial's request for that relief as well as an opportunity to be heard on the request and the issues involved. Those are the fundamental components of due process. New York Cent.R.Co. V. Public UtilitiesCommission of Ohio (1952), 157 Ohio St. 257. Due process is not deprived to a litigant simply because a judgment is entered against him.
The fourth assignment of error is overruled.
 Conclusion Having overruled the assignments of error presented, we will affirm thejudgment from which this appeal was taken.
BROGAN, J. and FAIN, J., concur.