JOURNAL ENTRY AND OPINION
{¶ 1} Pinkie McClinton appeals from an order of the trial court that dismissed her negligence claim against Midtown Express Bus Lines on the grounds that the applicable statute of limitations had expired. She asserts on appeal that the trial court erred in failing to apply the longer, three-year Michigan statute of limitations to the action. We affirm.
 {¶ 2} On March 3, 2003, McClinton boarded a bus operated by Midtown Express Bus Lines ("Midtown") for an excursion to Greektown in Detroit, Michigan. While in Michigan, McClinton claimed that Midtown bus driver Henry Hall negligently operated the bus in such a fashion that it caused her to suffer severe and painful personal injuries. At the time of the accident, Midtown operated out of Cleveland, and both McClinton and Henry lived in Cleveland.
 {¶ 3} On March 7, 2006, three years after the alleged incident, McClinton filed a negligence complaint against Midtown in the Cuyahoga County Court of Common Pleas. She sought in excess of $100,000 for hospital, medical, and pharmaceutical care.
 {¶ 4} Midtown immediately moved to dismiss the complaint and asserted that the claim was barred under Ohio's two-year statute of limitations. See R.C. 2305.10. The trial court granted Midtown's motion to dismiss. McClinton appeals from this order in a single assignment of error which states:
 "THE TRIAL COURT ERRED IN GRANTING APPELLEES [SIC] MOTION TO DISMISS"
 {¶ 5} McClinton asserts that Michigan law and its three-year statute of limitations should apply. As such, she asserts that it was therefore error for the trial court to dismiss the case for violations of Ohio's statute of limitations, R.C. 2305.10. She further contends that Midtown's motion addressed only the substantive legal issue of the statute of limitations and, because this issue is procedural, Michigan law should apply.
 {¶ 6} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Hunt v. Marksman Products (1995), 101 Ohio App.3d 760, 762. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs., 65 Ohio St.3d 545,548, 1992-Ohio-73, citing Assn. for the Defense of the Washington LocalSchool Dist v. Kiger (1989), 42 Ohio St.3d 116, 117. Such a motion should be granted "only where the allegations in the complaint show the court to a certainty that the plaintiff can prove no set of facts upon which he might recover." Slife v. Kundtz Properties (1974),40 Ohio App.2d 179, 186.
 {¶ 7} In Morgan v. Biro Mfg. Co., Inc. (1984), 15 Ohio St.3d 339,341-342, the Ohio Supreme Court adopted the Restatement of the Law 2d, Conflict of Laws, which outlines the analysis for determining choice-of-law in a tort action. The court held the following:
 "When confronted with a choice-of-law issue in a tort action under the Restatement of the Law of Conflicts view, analysis must begin with Section 146. Pursuant to this section, a presumption is created that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit. To determine the state with the most significant relationship, a court must then proceed to consider the general principles set forth in Section 145. The factors within this section are: (1) the place of the injury; (2) the place where the conduct causing the injury occurred;(3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; (4) the place where the relationship between the parties, if any, is located; and (5) any factors under Section 6 [of the Restatement of the Law of Conflicts] which the court may deem relevant to the litigation."
 {¶ 8} In the instant case, the accident occurred on March 3, 2003. Although the accident occurred in Michigan, Midtown operated out of Cleveland, and both McClinton and Henry lived in Cleveland. It is clear from the record before this court that the parties had a more significant relationship with Ohio than with Michigan.
 {¶ 9} Ohio's applicable statute, R.C. 2305.10, entitled, "Product liability claims and actions for bodily injury or injuring personal property; childhood sexual abuse" states in pertinent part:
 (A) Except as provided in division (C) or (E) of this section, an action based on a product liability claim and an action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues. Except as provided in divisions (B) (1 ), (2), (3), (4), and (5) of this section, a cause of action accrues under this division when the injury or loss to person or property occurs.
 {¶ 10} Based upon this statute, McClinton had two years from the date of the incident to file a complaint. McClinton did not file her complaint until March 7, 2006, approximately three years from the date of the incident. Any negligence claim was therefore barred by Ohio's statute of limitations.
 {¶ 11} For these reasons, we find that any presumption in favor of applying the law of the place of the injury, Michigan, was not overcome. An analysis using the factors outlined in Morgan, supra, fails to establish that Michigan had a more significant relationship to the tort action than Ohio. All of the parties are from Ohio, and Ohio and Michigan are linked only by virtue of the vague facts surrounding the accident itself. Therefore, Ohio law should apply.
 {¶ 12} For these reasons, it was not error for the trial court to grant Midtown's motion to dismiss.
 {¶ 13} The decision of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, PRESIDING JUDGE, ANN DYKE, J., and MELODY J. STEWART, J., CONCUR.