JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Iskander Abdallah, appeals the trial court's decision to grant defendant-appellee's, Doctor's Associates, Inc. ("DAI"), Civ.R. 12(B)(6) motion dismissing appellant's complaint. Having reviewed the motion, pleadings, briefs, and applicable law, we affirm the judgment of the trial court dismissing the complaint.
 {¶ 2} The standard for an appellate court reviewing a Civ.R. 12(B)(6) motion to dismiss is de novo. Greely v. Miami Valley MaintenanceContrs., Inc. (1990), 49 Ohio St.3d 228. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. GuernseyCty. Bd. of Commrs. (1992), 65 Ohio St.3d 545. The court must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd v.Faber (1991), 57 Ohio St.3d 56. However, the court need not presume the truth of "unsupported conclusions." Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 193.
 {¶ 3} A motion to dismiss should be granted "only where the allegations in the complaint show the court to a certainty that the plaintiff can prove no set of facts upon which he might recover," or, in the case of a complaint seeking relief under a contract attached pursuant to Civ.R. 10(D), where the "writing presents an insuperable bar to relief." Fairview Realty Investors v. Seaair, Inc., Cuyahoga App. No. 81296, 2002-Ohio-6819, citing Slife v. Kundtz Properties (1974), *Page 4 
40 Ohio App.2d 179, 185-186. Dismissals under Civ.R. 12(B)(6) are proper where the language of the writing is clear and unambiguous. Id.
 {¶ 4} On August 4, 2006, appellant filed his complaint. In it he raised claims of breach of contract, promissory estoppel, and equitable estoppel (Counts I-III) against defendant Shirley Robichaud ("Robichaud"), and a claim of equitable estoppel (Count IV) against DAI. Additionally, appellant sought to vacate an arbitration award granted on July 20, 2006 to DAI which terminated the franchise agreement between DAI and Robichaud (Count V). Appellant attached numerous documents to the complaint, including the franchise agreement.
 {¶ 5} Appellant voluntarily dismissed all claims against Robichaud[1] and proceeded on Counts IV and V. On November 9, 2005, DAI filed a Civ.R. 12(B)(6) motion to dismiss the complaint for failure to state a claim upon which relief may be granted. On December 6, 2006, the trial court granted the motion and dismissed the action. Although the trial court's judgment dismissed both Count IV and Count V, appellant has appealed only the dismissal of Count IV, the equitable estoppel claim against DAI. For that reason, we need not consider any issues relating to the July 20, 2006 arbitration award which was the subject of Count V.[2] *Page 5 
 {¶ 6} The facts as alleged in the complaint and documents attached to it, which we are required to accept as true for the purposes of this review, are as follows.
 {¶ 7} In June 1997, appellant and Robichaud each owned a 50% interest in Abdallah, Inc. ("Abdallah"). Abdallah entered into a contract with Target Foods, Inc., owned by Louis Achkar, for the purchase of his Subway sandwich shop in Oakwood, Ohio, identified as Subway Franchise No. 7782.
 {¶ 8} DAI is the corporation that owns and licenses the use of the Subway trade and service marks. On August 13, 1997, DAI entered into a written franchise agreement with Robichaud which stated that the agreement was being executed as a result of the transfer of Franchise No. 7782 from Louis Achkar.
 {¶ 9} According to the terms of the written franchise agreement, only a natural person, not a corporation, may be a party to the franchise agreement and recognized as a "franchisee." The franchisee may then assign the right to operate the store to a corporation, but remains personally liable under the agreement. The franchisee may sell his franchise rights, but only with prior written approval of DAI and only according to the terms expressly stated in the written agreement. Any *Page 6 
disputes arising under the agreement are subject to arbitration after exhaustion of written dispute resolution procedures.
 {¶ 10} In November 1998, Robichaud executed a "Limited Power of Attorney To Sell or Transfer A Franchise" which gave appellant the authority to represent Robichaud in the sale or transfer of the Subway franchise. Then, in December 1998, Robichaud resigned from Abdallah, Inc. and sold her shares in that corporation to appellant. Appellant did not use the authority given to him to sell or transfer Robichaud's interest in the franchise, and on July 25, 2003, Robichaud rescinded appellant's power of attorney.
 {¶ 11} In May 2003, DAI instituted arbitration proceedings against Robichaud for breach of the franchise agreement. Appellant sought to intervene in the arbitration action. DAI objected to appellant's participation and stated that appellant and Abdallah, Inc. were strangers to the franchise agreement signed by Robichaud and lacked standing in the arbitration. The arbitrator agreed with DAI and denied appellant's participation.
 {¶ 12} In May 2006, DAI again instituted an arbitration proceeding against Robichaud seeking termination of the franchise agreement per the terms of the agreement. Appellant did not seek to intervene in this proceeding, apparently concluding that it would be futile based on the ruling in the 2003 arbitration that he lacked standing. On July 20, 2006, the arbitrator issued an order terminating the agreement and ending Robichaud's right to operate a Subway franchise. *Page 7 
 EQUITABLE ESTOPPEL {¶ 13} Appellant's complaint seeks a declaration that he is the lawful franchisee of Subway Franchise No. 7782 and that DAI is equitably estopped from denying his right to the franchise. Appellant asserts that the execution of the limited power of attorney by Robichaud and the transfer of her shares in Abdallah, Inc. served to make appellant the sole owner, operator, and franchisee of Subway Franchise No. 7782. Appellant argues that his complaint states a claim for equitable estoppel against DAI and should not have been dismissed under Civ.R.12(B)(6).
 {¶ 14} In Ohio State Bd. of Pharm. v. Frantz, 51 Ohio St.3d 143, the Ohio Supreme Court stated: "The purpose of equitable estoppel is to prevent actual or constructive fraud and to promote the ends of justice. It is available only in defense of a legal or equitable right or claim made in good faith and should not be used to uphold crime, fraud, or injustice. The party claiming the estoppel must have relied on conduct of an adversary in such a manner as to change his position for the worse and that reliance must have been reasonable in that the party claiming estoppel did not know and could not have known that its adversary's conduct was misleading." Id. at 145 (internal citations omitted).
 {¶ 15} Equitable estoppel prevents relief when one party induces another to believe certain facts exist and the other party changes his position in reasonable reliance on those facts to his detriment.State ex rel. Chavis v. Sycamore City *Page 8 School Dist. Bd. of Edn. (1994), 71 Ohio St.3d 26, 34. Equitable estoppel is therefore "a shield, not a sword. It does not furnish a basis for damages claims, but a defense against the claim of the stopped party." First Fed. Sav. Loan Assn. v. Perry's Landing, Inc. (1983),11 Ohio App.3d 135.
 {¶ 16} In order to state a claim for equitable estoppel, appellant's complaint must state sufficient facts to demonstrate (1) that DAI made a factual misrepresentation; (2) that it was misleading; (3) that it induced actual reliance which was reasonable and in good faith; and (4) which caused detriment to the relying party. Doe v. Blue Cross/BlueShield of Ohio (1992), 79 Ohio App.3d 369, 379, 607 N.E.2d 492.
 {¶ 17} Even assuming all of the facts alleged in the complaint to be true and making all reasonable inferences from these facts in appellant's favor, we find it is beyond doubt that appellant can prove no set of facts in support of his claim which would entitle him to relief. The express terms of the written documents attached to appellant's complaint demonstrate that there is simply no way appellant could reasonably and in good faith believe that he was the franchisee under the franchise agreement for Subway Franchise No. 7782.
 {¶ 18} The facts demonstrate that appellant participated in establishing Robichaud as the "franchisee" of Subway Franchise No. 7782 in 1997. He was aware of the express terms of the contract and operated the shop under those terms. Appellant had the opportunity between November 1998 and July 2003 to *Page 9 
legally effectuate the transfer of Robichaud's franchise rights to himself under the transfer clause of the agreement, but did not do so.
 {¶ 19} The legal right to use the Subway trade or service mark in the operation of Subway Franchise No. 7782 is controlled by the terms of the written agreement for that franchise. That written agreement "presents an insuperable bar to appellant's relief." The trial court did not err in dismissing appellant's claim for equitable estoppel against DAI. Appellant's single assignment of error is overruled and the judgment of the trial court affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, JUDGE
FRANK D. CELEBREZZE, JR., A.J., and CHRISTINE T. McMONAGLE, J., CONCUR
[1] On October 30, 2006, appellant and Robichaud filed a joint motion to dismiss Robichaud from the action which the trial court construed as a stipulation for dismissal pursuant to Civ.R. 41(A).
[2] Appellant attached a copy of the arbitrator's order to the complaint. On appeal, appellant argues that DAI improperly attached a copy of the judgment of the U.S. District Court order affirming the award to his Civ.R. 12(B)(6) motion and the trial court erred in not converting the motion to a motion for summary judgment. However, appellant did not appeal the dismissal of Count V relating to the arbitration award. Having confined his appeal to the issue of equitable estoppel, we need not and do not consider the District Court's ruling. *Page 1