{¶ 28} I concur in the result reached by the majority. However, I write separately to state my belief that there are material issues of fact relating to the CDP's invocation of the equitable estoppel defense. Moore's conflicting representations concerning the payment of the loan could lead reasonable minds to conclude that CDP relied on those representations to its detriment.
 {¶ 29} On several occasions Moore advised Stephen Strnisha, the current president of CDA, that he was paying off the $1.6 million loan. Moore needed the pending sale to Cuyahoga County to close in a week and he knew that CDP would not agree to a deal where Whiskey Island would be sold for a quarter of its value and where no portion of its loan would be repaid. Moore led CDP to believe that he was fulfilling his loan obligations. He sent a letter stating that "we are paying your $1.6 million" and also requested a payoff balance calculation. A final letter dated December 20, 2004, from Moore's title insurance company advised Strnisha that a check for $2.7 million was enclosed "representing payoff of the three loans" made to Whiskey Island Partnership.
 {¶ 30} Ohio courts have long recognized and adopted the equitable estoppel doctrine. See Workman v. Wright (1878), 33 Ohio St. 405. The requirements to invoke equitable estoppel are: "(1) an admission, statement or act to another party, *Page 12 
inconsistent with the claim afterward asserted; (2) action by the other party on the faith of such admission, statement or act; (3) the other party had a right to rely; and (4) injury to such other party if the first party is allowed to contradict such admission, statement or act."Mclntosh v. Micheli Restaurant, Inc. (1984), 22 Ohio Misc.2d 5,488 N.E.2d 1261. The equitable estoppel doctrine is intended to "prevent actual or constructive fraud and to promote the ends of justice."Ohio State Bd. of Pharm. v. Frantz, 51 Ohio St.3d 143, 555 N.E.2d 630.
 {¶ 31} We have held that the party claiming the estoppel must have "relied on conduct of an adversary in such a manner as to change his position for the worse and that reliance must have been reasonable in that the party claiming estoppel did not know and could not have known that its adversary's conduct was misleading." Abdallah v. Doctor'sAssocs., Cuyahoga App. No. 89157, 2007-Ohio-6065.
 {¶ 32} Moore took actions that he could not have taken unless the loan was paid. According to the original partnership agreement, Whiskey Island could not be sold without CDP's consent unless the loan was paid. Also, the Class A limited partnership interests could not be transferred or sold without CDP's approval, unless the loan was paid. Moore paid the loan so that CDP would not have to consent to the sale of the property or the transfer or sale of the limited partnership interest. Viewing the evidence in a light most favorable to the nonmoving party requires a *Page 13 
determination of whether equitable estoppel prevents the appellees from prevailing on their complaint. *Page 1